STATE EX REL. DISTRICT ATTORNEY *v.* GREER, TAX COLLECTOR, ET AL.

[68 South. 778.]

1. TAXATION. *Tax collector. Failure to pay over taxes collected. Liability.*

A surety on the official bond of a tax collector is obligated to pay the damages due by the collector if he fails to pay over any taxes collected by him within the time fixed by section 4357, Code 1906, and suit for the same is authorized by sections 4358 and 4359 of the Code.

2. SAME.

That part of section 4358 which makes it the duty of the auditor to immediately notify the district attorney of any default of a tax collector in failing to pay over taxes, was not intended to be a condition precedent to the bringing of the suit.

3. TAX COLLECTOR. *Failure to pay over taxes collected. Liability.*

Under Code 1906, section 1573, so providing, a change in the time for settlement by a tax collector, made by the legislature after the commencement of an action against him and the surety on his official bond for failure to pay taxes within the time prescribed by section 4357, will not defeat a recovery.

4. SAME.

Under Code 1906, section 4359, providing for suits against a tax collector and the sureties on his official bond for failure to pay taxes within the time prescribed, and declaring that judgment shall be given for the amount due by the collector, with damages, after deducting legal allowance to which he may be entitled, it is proper for the court in such an action to allow a claim for commissions to the collector.

5. SAME.

A penalty can be imposed against a tax collector and the sureties on his official bond for failure to pay over taxes collected, after the collector was suspended by the Governor.

APPEAL from the chancery court of Lincoln county. HON. G. G. LYELL, Chancellor.

Suit by the state of Mississippi and Lincoln county, on the relation of the district attorney against J. F. Greer, tax collector and the United States Fidelity & Guaranty Company. From a decree sustaining a demurrer to the bill interposed by the United States Fidelity & Guaranty Company, complainants appeal.

The facts are fully stated in the opinion of the court.

*Lamar F. Easterling,* Assistant Attorney-General, for appellants.

This case, presents sharply the question of whether or not a surety by paying the amount a sheriff is actually short into the court, can prevent the state and country from collecting the thirty per cent damages and interest provided by law. The statute plainly says that: "If a tax collector fails to make any report, or to pay over any taxes as above required, he shall pay damages of thirty per cent thereon, and interest on said amount of principal and damages at the rate of six per cent per annum from the time the same shall be due until paid. The auditor and clerk shall not omit in any case to charge the damages to be collected when incurred, but the same shall be remitted on the certi-

ficate of the governor and the attorney-general that they are satisfied that the delay had not 'been wilful or avoidable by the collector." I am unable to see how it is possible to have a clearer statement of the law than this. The delinquent tax collector should pay damages of thirty per cent thereon and interest on said amount of principal and damages at the rate of six per cent per annum from the time the same shall be due until paid. *Toppan* v. *The People,* 67 Ill. 340.

"In general, the liability of the surety follows that of the principal, and if the obligation is valid against the principal it is valid against the surety." 27 Am. & Eng., Ency. Law (2 Ed.), 454; 27 Am. & Eng. Ency. Law, (2 Ed.), 542.

Can it be said that the failure of the auditor and the county clerk to charge said interest and damage would cancel the debt to the state and county? Can it be contended that the failure of these officers to 'do what the law imposed upon them would release the tax collector and his surety? This charge of thirty per cent when incurred could only be released in one way, if at all, that is upon the certificate of the governor and the attorney-general that they are satisfied that the delay had not been wilful or avoidable by the collector. But in no case was the interest to be remitted. If there ever was a case in which, clearly within the statute, this damage was incurred this is certainly one. I believe one would search long before he would come to a case where the failure to pay over was so persistent, systematic, flagrant and wilful, as in this case.

In such cases the interest and damages could not be released or remitted, but are due and collectible from the tax collector on his bond.

This statute was before this court in the case of *Adams* v. *Sanders,* 89 Miss. 784 and 93 Miss. 520. In the second appeal of this cause, 93 Miss. page 533, the court speaking through WILLIAMSON, Special Judge,

said: "It stands decided in this cause that the tax collector, Saunders, and the sureties on his official bond must pay into the county treasury the money collected by him as tax collector in the years 1890 and 1891. As a general principle of law, the liability of the surety is that of the principal and is measured by that of the principal.

It is stated in Thropp on Public Officers, section 292 as follows: "It has been said, and correctly, as a general proposition, that there is no distinction between the liability of a surety and that of the principal in the bond; and that the same act or neglect which will charge the principal, will also charge the surety."

The bond given by the tax collector in this case, a copy of which is attached to the original bill, is conditioned as required by law.

In the case of *State* v. *Lewenthall,* 55 Miss. 589, which was a suit by the county of Lincoln against the tax collector and the sureties on his bond under section 1726, of the Code of 1871, which provides that in suits on tax collectors' bonds to recover state taxes, judgment shall be given for the amount due by the collector with thirty per centum per annum damages, etc., and section 1727, of the Code of 1871, provides that like proceedings shall be instituted for nonpayment of county taxes, the point was made by the sureties that the thirty per centum damages could not be recovered by the county for the reason that the damages were not claimed in the declaration. On this point, the court, on page 592, said: "Because of this error we are compelled to reverse the judgment and remand the cause, but will decide the question made by the writ of error of the plaintiff, viz., whether the county is entitled to thirty per centum per annum damages on the amount of county taxes due and not paid over by the collector, and whether such damages are recoverable without having been specially claimed in the declaration. We answer both questions in the affirmative. Section 1724, *et seq.*

of the Code entitle the county to the damages, and, being a legal incident they need not be specially declared for, but follow a recovery by the county.''

From this case, it seems manifest that recovery for the damages under the sections mentioned would run against both the principal and the sureties on the bond; in fact, if we read this correctly, that is precisely what the court held in this case.

In the case of *Boykin, et al* v. *State,* 50 Miss. 376, the statutes of 1857 being almost indentical were brought into review. The court, after reviewing the statutes and the law applicable to the facts of the case which was a suit on a tax collector's bond, said: ''For this sum'' (that is, the amount due by the collector), ''judgment should be given with thirty per cent damages per annum according to the foregoing provisions of the Code, after deducting all legal allowances.'' etc.

We therefore, submit that on this feature of the case that the learned chancellor erred in his construction of the statute and in holding that the state was not entitled to recover the interest and damages to be computed by law on the various amounts and collections collected by the sheriff and withheld by him not paid over for the various periods particularly set forth in said bills.

We submit that a decree should have been rendered for the complainants in the court below for the total amount of interest, damages and principal amounts computed according to law as was decreed against the sheriff, the principal in the bond. We submit that the measure of liability as against the sheriff for failing to perform the duties of his office in the manner pointed out by the statute was the measure of the liability of the surety on his official bond.

*H. Cassidy* and *Wm. M. Hall,* for appellees.

I respectfully urge that these statutes being highly penal, there is nothing contained therein to authorize

or justify the holding of the bond for the penalty. The surety could only be held, in the event suit was brought for the taxes due and unpaid, for the penalty, by restoring section 4359 to the Code.

It is settled in this state that nothing can be added to penal statutes by construction in favor of the penalty. I quote from Mississippi Digest Annotated: "Penal statutes cannot be extended by construction so as to bring within their provisions cases not embraced in their plain letter."

The gist of this text is supported by numerous cases numbered among which are: *Merrell* v. *Mechoir,* 30 Miss. 516; *Johnson* v. *State,* 63 Miss. 228; *Satfford* v. *State,* 44 Miss. 801; *Foote* v. *Vanzant,* 34 Miss. 40; *Wortham* v. *State,* 59 Miss. 179; *State* v. *Austin,* 23 So. 34; *British etc. Co.* v. *Burke,* 80 Miss. 643; *Hatton* v. *State,* 92 Miss. 651; *Stewart* v. *State,* 95 Miss. 627; *McInnis* v. *State,* 52 So. 634.

The foregoing argument is based upon the idea that the surety is not liable on the bond of the collector for the penalties pronounced against the collector, unless it is plainly and unequivocally provided by the letter of the law that the surety shall be liable also.

If, perchance, the court should be of opinion that as an abstract proposition the surety would be liable for the penalty, then the statutes being highly penal, the state and county should have proceeded in strict compliance therewith, none of which was done as appears on the face of the bill and amended bill. There are certain conditions precedent to the bringing of such a suit as provided by the statutes: 1. The collector must fail to report or pay over; 2. The auditor or clerk must charge the damages to the collector; 3. The auditor or clerk must immediately notify the district attorney and furnish him a statement of the amount due by the collector; 4. The district attorney shall forthwith commence suit on the bond of the col-

lector for the taxes due; 5. If the auditor does not know
the amount, he shall so state. This suit is for the
penalty alone, the thirty per cent damages and the in-
terest on principal and damages at six per cent per
annum.

No penalty was charged to the collector. The audi-
tor did not immediately notify the district attorney,
nor did the district attorney forthwith file suit when
the collector failed to settle on the 10th of the month.
The reason for the haste in the statute was the evident
necessity of suing for the principal so that the penalty
could be added. Had such a suit been filed on the
first failure to pay over, the bond would be protected,
even if liable for the penalty. 79 Miss. 204.

When the district attorney filed the suit in this case
he did not do so on any report from the auditor. The
bill does not allege any report, nor does it allege that
any damages were charged up as required by the stat-
ute, and prior to February 1, 1911, there is no suit for
the principal of any taxes due, the whole claim being for
the penalty and the penalty alone. The taxes involved
after February 2, 1911, were paid into the county and
state treasuries in a manner highly to the credit of
the surety. I will discuss that later.

As a condition precedent, the suit was not brought
within the letter of the law. In *Mortgage Co.* v.
*Burke,* 80 Miss. 643, wherein the plaintiff sought to
hold the mortgage company for a penalty declared by
statute, the court said: "The right of appellees is,
as we regard it, *strictissimi juris.* If so, they cannot
recover in this suit. . . If it be said we are stand-
ing too strictly upon the letter of the statute, the reply
is we do so because the action is given solely by the
letter of the statute. Upon compliance with the letter
of the statute, appellees may recover, without it they
cannot."

The statute being a penal statute and being con-
strued in accordance with its letter, the change of time,

the fixing of another date when the collector would be in default is a matter of vital inportance. At first blush it might appear that the lengthening of the time could not affect the present case before the court in view of the fact that the bill charges in many cases that the default continued for more than twenty days. But this provision is for the benefit of the collectors who make reports after the 20th of the month. If a collector had failed to so report previous to the enactment of this statute, on the 10th of the month, could he be sued for such failure after the passage of the act? Would not such suit have to be based upon the act violated, viz: section 4357 of the Code? Can it be said that section 4357 of the Code is now in force? Therefore, does it not necessarily follow, as a logical conclusion, that a statute which is not in force because of a later statute superceding it and taking its place is repealed?

This identical question was passed upon in *Adams* v. *Saunders, supra* at page 534; *Nash* v. *White's Bank,* 105 N. Y. 243, 11 N. E. 946, cited in 36 Cyc. 1229, note 50; 36 Cyc. pp. 1229-1230; *Pensacola R. R. Co.* v. *State,* 45 Fla. 86, 33 So. 985, 110 Asr. 67 & note; *Bradstreet Co.* v. *City of Jackson,* 81 Miss. 233; *Musgrove* v. *Vicksburg Ry.,* 50 Miss. 677.

In view of the foregoing the action of the court in sustaining the demurrers, and in rendering the final decree, was proper and in conformity with the law on the subject.

COOK, J., delivered the opinion of the court.

This is an action begun in the chancery court by the state of Mississippi and Lincoln county, upon the relation of the district attorney, against J. F. Greer, tax collector of Lincoln county, and the United States Fidelity & Guaranty Company, surety on his official bond. Two banks were made parties defendant, but,

inasmuch as there is no contest between complainants and the banks, no further 'mention will be made of the banks in this opinion.

As we understand the allegations of the original and amended bills of complaint, it is charged that the tax collector is due the state and county a large sum of money for failing to pay over the taxes collected by him within the time required by section 4357 Code of 1906. As we gather from the pleadings, the suit is for the thirty per centum damages and interest on the various sums of money he had collected for state and county taxes, all of which, except stated sums deposited in the banks, he had paid at the time the bills were filed, but failed to pay the thirty per centum damages and interest which section 4357 of the Code requires him to pay, upon his failure to pay within the time fixed in the statute. The suit is therefore for the damages and interest alone, except as above stated.

A demurrer to the bills was interposed by the surety, which was sustained by the court and complainants appeal.

The exact question for us to decide is whether or not a surety on the official bond of a tax collector is obligated to pay the damages due by the collector if he fails "to pay over" any taxes collected by him, within the time fixed by law. The main argument in support of the decree of the chancellor is that section 4357 does not, in terms, fix liability upon the surety for the damages; that the statute penalizes the collector alone, and inasmuch as this court held in *Adams* v. *Saunders,* 93 Miss. 520, 46 So. 960, that section 4359 was repealed, and that "it was clearly an oversight in the legislature to bring forward the section with this clause in it, when the law reducing the penalty is brought forward at the same time," it necessarily follows that there is nothing in the statutes authorizing a suit against the surety for the penalty. It will be

observed that section 4359 does not conflict with section 4357, except as to the amount of penalty for which judgment shall be given.

We think this court was eminently correct in *Adams v. Saunders, supra,* when it decided that judgment could not be rendered for the thirty per centum per annum damages, because that part of section 4359 was in conflict with the substantive law as fixed by section 4357. We do not understand that the decision in *Adams* v. *Saunders* goes so far as to hold that section 4359 was to be read entirely out of the Code. As we construe the decision, it was held that the legislative oversight consisted in bringing forward the clause of the old law which fixed the penalty at thirty per centum per annum. This construction harmonizes section 4359 with the preceding section 4357, and both will stand. It appears clearly that the legislature intended that suit was to be brought on the bond of the collector for his failure to pay over the taxes in time. This is what section 4358 provides, and section 4359 says that in such suits judgment shall be given for the damages due by the collector.

Just here, we will say that we do not agree with counsel for appellee that the penalty cannot be recovered from the surety in this case, because the suit was not brought upon the notification of the auditor. That part of section 4358 which makes it the duty of the auditor to immediately notify the district attorney was not intended to be a condition precedent to the bringing of the suit.

We believe that this is a correct solution of the apparent difficulties which arise by reason of the conflict between sections 4357 and 4359 of the Code, and gives expression to the manifest intent of the legislature to make the surety liable for the damages imposed upon principal for failing to perform his official duty.

The contention that the change in the time for settlement by the collector made by the legislature after the institution of this suit repeals the former statute is disposed of by section 1573, Code of 1906.

We do not think the court erred in allowing a credit for commissions due the collector. Section 4359, Code of 1906.

There is no merit in the contention that no penalty can be imposed for failure to pay over the taxes collected after the collector was suspended by the Governor.

We have carefully considered the very able and interesting brief for appellee, and do not underestimate the strength of the arguments made therein, although we have not discussed in detail all of the points advanced in support of the chancellor's decree. As we construe the statutes, the surety is required to make good the derelictions of the principal, and it was the intent of the legislature to make the payment of damages in default of payment within the time fixed by law the official duty of the tax collector.

The decree will be reversed, and the cause remanded for further proceedings in accordance with this decision.

*Reversed and remanded.*